**Burlie McINTYRE, Plaintiff,**

v.

**Dr. William O. SEABAUGH,
Defendant-Appellant,**

and

**Professional Mutual Insurance Company,
Third-Party Defendant-Respondent.**

**No. 45610.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 21, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1983.

John S. Wallach, St. Louis, for defendant-appellant.

Anthony R. Behr, Clayton, for third-party defendant-respondent.

GAERTNER, Judge.

Dr. William O. Seabaugh appeals from an order of the trial court ruling in favor of the third-party defendant Professional Mutual Insurance Company (PMICO) on a separate trial on its counter-claim to the third party petition seeking a declaratory judgment on the issue of insurance coverage.

Plaintiff sued Dr. William O. Seabaugh for damages alleged to have resulted from negligence in the performance of medical services. PMICO had issued a policy of liability insurance to Dr. Seabaugh, but denied coverage claiming the applicability of a policy exclusion. Dr. Seabaugh filed a third party petition against PMICO claiming he was entitled to coverage under the policy. PMICO, in turn, filed a counterclaim seeking declaratory judgment on the coverage question. A severance of the third-party action was granted. The coverage issue was tried by the court without a jury on the counterclaim for declaratory judgment. The trial court ruled the policy exclusion applicable and found in favor of PMICO. The court then ordered the cause reinstated upon the jury trial docket. The trial court did not exercise its discretion under Supreme Court Rule 81.06 to designate its order on the declaratory judgment counterclaim as a final judgment for purposes of appeal.

■ The requirement of finality—a disposition of all issues and all parties in a case—is jurisdictional and it is our duty, sua sponte, to determine our jurisdiction. *Bennett v. North Brighton Townhouses, Inc.,* 588 S.W.2d 100, 102 (Mo.App.1979).

■ Rule 81.06 provides as follows:

When a separate trial of any claim, counterclaim or third-party claim is ordered in any case and a jury trial thereof is had, the separate judgment entered upon the verdict therein shall be deemed a final judgment for the purposes of appeal within the meaning of Section 512.-020, RSMo. When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, RSMo, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims, or third-party claims are determined. In any case (jury or non-jury) when a separate final judgment is entered the court may stay its enforcement until other or all final judgments in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties; provided, however, any such stay shall not affect the right of appeal.

Since the trial court did not designate its order as a final judgment for purposes of appeal, we must determine whether the trial without a jury of the declaratory judgment counterclaim to Dr. Seabaugh's third-party petition was "an entirely separate and independent claim unrelated to any other claims stated or joined in the case." If not, this appeal is premature and we are without jurisdiction. Because of the pleadings filed in the trial court and the posture in which this appeal is presented to us, we are unable to find that the question of insurance coverage is independent and unrelated to other claims and issues in plaintiff's suit against Dr. Seabaugh for damages alleged to have resulted from negligence in the performance of medical services.

■ The policy exclusion relied upon by PMICO is as follows:

"(h) IMPLANTATIONS AND/OR INJECTIONS FOR COSMETIC PURPOSES "It is hereby understood and

agreed that any procedures which involve the implantation or injection of silicone or other experimental materials used for cosmetic purposes, are hereby excluded and coverage is therefore not provided."

The testimony in the trial of the declaratory judgment counterclaim by PMICO's underwriting supervisor was that this exclusion affected the premium charged by the insuror. She testified that the additional exposure for which the company would charge a higher premium for insuring against loss during cosmetic surgery was caused by "the nature of the surgery. It's very complicated. It takes additional training. It's just not something that any surgeon can perform." For underwriting purposes cosmetic surgery is distinguished from general surgery, she testified, because "it's kind of a tricky surgery, yes." In response to the question "but it doesn't go to, to the best of your understanding, the anesthesia or to the recovery after surgery, etc., is that correct?" She responded "No."

Plaintiff's second amended petition alleges four charges of negligence against Dr. Seabaugh:

a. He attempted to perform an operation for which he was not qualified.

b. He negligently failed to have life saving resuscitative equipment, drugs, gases, and I.V. solutions available in the event of an emergency and/or a cardiac arrest.

c. He negligently and improperly used and overused the drug Xylocaine.

d. He negligently attempted to perform surgery in his office when he knew or should have known that there was insufficient emergency equipment available in his office.

In his application for insurance Dr. Seabaugh stated that he was a general surgeon, a Class 4, and that he did not perform plastic surgery, Class 5. It is obvious, therefore, that the performance of cosmetic

or plastic surgery was an operation for which he did not claim to be qualified, and his performance of such surgery was the exact increased exposure which the policy exclusion was intended to avoid. However, the remaining charges of negligence, particularly those alleged in (b) and (c) above, have nothing whatsoever to do with the complications, trickiness or additional training involved in cosmetic surgery, the exposure which the exclusion was intended to avoid.

Accordingly, the applicability of the exclusion and the determination of coverage under the policy [1] is not independent of nor unrelated to other claims made in the case. Rather, such a determination depends upon which, if any, of the allegations of negligence may be found by a jury to have occurred and to have caused the death of plaintiff's wife.

Accordingly, this appeal is dismissed without prejudice as premature.

SNYDER, P.J., and DOWD, J., concur.

---

1. The order of the trial court and the posture of the case as presented to us involves the sole issue of whether or not there was "coverage" under the policy. No distinction is made by the parties or the trial court between the insuror's

duty to defend and the insuror's duty to indemnify under the policy provisions. Accordingly, we do not address that issue. *But see Fidelity & Casualty Company of New York v. Wrather*, 652 S.W.2d 245 (Mo.App.1983).