**Inez ZINK, Randall Zink, Kathryn Ann Davis, Appellants,**

v.

**EMPLOYERS MUTUAL LIABILITY COMPANY and James E. Allis, Respondents.**

**No. WD 36044.**

Missouri Court of Appeals, Western District.

Feb. 13, 1985.

John C. Milholland, Harrisonville, J. Kirk Rahm, Warrensburg, for appellants.

Allen R. Purvis and Stephen E. Scheve, Kansas City, for respondent Employers Mut. Liability Co., Ross Eshelman, Clinton, for respondent Allis.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

KENNEDY, Presiding Judge.

Plaintiffs' decedent, James Zink, and defendant James E. Allis were both truck drivers in the employ of Clearfield Cheese Company. They were riding in a Clearfield Cheese Company truck in Alabama on December 31, 1976, when the truck left the highway and Zink was killed. At the time of the accident Allis was driving the truck and Zink was riding therein.

Zink's wife and children, the plaintiffs here, brought an action against Allis for damages for Zink's wrongful death and recovered judgment for $500,000. This action is an equitable garnishment brought under § 379.200, RSMo 1978, to collect the judgment from Employers Mutual Liability Insurance Company of Wisconsin, which insured the truck for Clearfield. Employers has from the beginning denied coverage on the ground of the "fellow employee" exclusion contained in its insurance policy issued to Clearfield. In this equitable

garnishment proceeding it continues to assert that defense against plaintiff's claim.

The trial court granted summary judgment to Employers, from which judgment plaintiffs have prosecuted this appeal.

On our own initiative we consider whether we have jurisdiction of the appeal. *McIntyre v. Seabaugh*, 655 S.W.2d, 712, 713 (Mo.App.1983).

In the same lawsuit defendant James E. Allis has filed a cross-claim against Employers, by which he seeks reimbursement for his attorney's fees of $3,963.38 incurred by him in the defense of the wrongful death action against him by Zink's survivors which resulted in the $500,000 judgment, and also for additional attorney's fees incurred "in connection with defense and prosecution of the claims in this instant action".

Employers filed a motion for summary judgment as against the plaintiffs, but it did not file a motion for summary judgment as against Allis on his cross-claim. The court took up Employers' motion for summary judgment against plaintiffs on April 30, 1984. He filed his written judgment on May 15, 1984. The judgment, entitled "Order", does not purport to dispose of Allis's cross-claim against Employers. The operative part of the order was as follows: "Defendant 'Employers' motion for summary judgment is hereby granted. Plaintiffs' motion for summary judgment is denied. Costs assessed against plaintiff. The court declines to award attorney's fees to either party". Earlier in the order, the court said:

Defendant 'Employers' motion to dismiss and motion for summary judgment, cost and attorney's fees were argued orally and taken under advisement by the court pending receipt of additional suggestions from plaintiffs and defendant 'Employers'. Plaintiffs moved for a summary judgment and cost by their suggestions. These suggestions having been filed and considered by court as well as the evidence adduced at the April 30th hearing, the court, now on this 15th

day of May, 1984, finds and rules as follows:

There followed the facts found by the court and the law applicable thereto, and some discussion with reference thereto. Nowhere does the court purport to rule on Allis's claim, although the court in the discussion portion of the order said: "The court therefore finds that Allis and Zink were 'fellow employees' and that 'Employers' policy contains a valid exclusion. *Since no coverage exists, Employers had no duty to defend Allis or to pay for his defense.* Since nothing is then owed, there can be no equitable garnishment as plaintiffs assert in their petition herein." (Emphasis supplied.)

The court's gratuitous expression of his conclusion that Employers "had no duty to defend Allis or to pay for his defense" cannot be considered as a judgment disposing of Allis's claim. Allis's cross-claim had not been submitted to the court. During the course of the argument it was clearly and expressly stated by Employers' counsel and by Allis's counsel that the controversy between Allis and Employers was not before the court for disposition. Not only did the court not purport by his order to dispose of that cross-claim, he could not have done so had he chosen to do so. See *Bayer v. Associated Underwriters, Inc.*, 402 S.W.2d 11, 13 (Mo.App.1966).

The judgment is therefore not a final appealable judgment, in that all parties and all issues have not been disposed of. *International Harvester Credit Corporation v. Formento*, 621 S.W.2d 90 (Mo.App. 1981); *Bennett v. Wood*, 239 S.W.2d 325 (Mo.1951). The appeal must be dismissed.

In order that the parties may expedite their appeal after the judgment has become final, they are referred to the procedure recommended by *New Style Homes, Inc. v. Fletcher*, 600 S.W.2d 634 (Mo.App.1980).

All concur.