**KOZENY–WAGNER, INC.,**
**Plaintiff-Respondent,**

v.

**Joseph SHARK, Defendant-Appellant.**

**Nos. 49506, 50093.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 6, 1986.

Earl B. Leadlove, St. Louis, for plaintiff-respondent.

Theodore D. Ponfil, St. Louis, for defendant-appellant.

SIMON, Judge.

In this consolidation of the appeals from the Circuit Court of St. Louis County, Kozeny-Wagner, Inc. (plaintiff) and Joseph Shark (defendant) appeal the rulings of the trial court setting aside the stay of plaintiff's claim and the sustainment of plaintiff's motion for directed verdict on defendant's counterclaim.

Plaintiff's claim arises out of a contract executed by the parties in 1972 whereby plaintiff was to construct a two story pharmacy and office building on defendant's land in Florissant, Missouri. Specific plans were made to accommodate the building's structure to a flooding creek located near defendant's land. Plans for the structure provided that the building be set at an elevation of 512.75 feet based upon the 50 and 100 year high water flood levels of the creek. Construction of the building began in 1973 and continued through the spring of 1974. The building was actually constructed at an elevation 21½ inches below the level provided for by contract. Both parties were unaware of the mistake in elevation until a surveying crew in the area of the jobsite surveyed defendant's land, at defendant's request, and informed him of the mistake in elevation. Subsequently, plaintiff confirmed the mistake.

In May of 1974, plaintiff offered to construct an earthen terrace around the building to remedy water problems caused by the improper construction of the building. Defendant rejected this remedy as an unacceptable solution.

The contract provided that plaintiff be paid on a monthly basis for 90% of the cost of labor and materials at the jobsite. Plaintiff discontinued construction in July of 1974. Plaintiff subsequently sued for breach of contract for defendant's refusal to pay the alleged balance due. Defendant counterclaimed alleging plaintiff's failure to perform the contract in a workmanlike manner in accordance with the plans and specifications.

On November 14, 1984, plaintiff obtained a jury verdict in its favor on its claim for breach of contract. Plaintiff's motion for a directed verdict on defendant's counterclaim was sustained and judgment entered in plaintiff's favor. On December 7, 1984, defendant's motion for a new trial on plaintiff's claim was granted. Defendant's motion for a new trial on its counterclaim was denied, and on December 17, 1984 defendant filed his notice of appeal of the denial of his counterclaim.

On February 4, 1985, the trial court granted defendant's motion for a stay of the new trial of plaintiff's claim, pending appeal of the denial of its counterclaim. Over the objections of both parties and upon its own motion, the trial court set aside the stay of the new trial on March 6, 1985. The court ordered the parties to proceed on the retrial of plaintiff's claim, stating that the appeal of the directed ver-

dict on defendant's counterclaim was premature. On March 20, 1985, the jury returned a verdict on plaintiff's claim in favor of defendant and judgment was entered accordingly. Subsequently, plaintiff appealed.

On appeal, plaintiff contends that the trial court erred in setting aside the stay of the new trial of plaintiff's claim on March 6, 1985. Plaintiff asserts that defendant's notice of appeal was timely filed and the appeal is taken from a final judgment. Therefore, the trial court did not have jurisdiction to set aside the stay of the trial order previously entered.

In his first point on appeal, defendant contends the trial court erred in sustaining plaintiff's motion for a directed verdict on defendant's counterclaim. Defendant maintains he made a submissible case of breach of contract for failure to construct the building in a workmanlike manner in accordance with the plans and specifications. Defendant also contends the trial court erred in striking the testimony of defendant's expert, Harold Helmkampf. Defendant alleges the testimony offered on the cost of raising the building was based upon personal experience and observation, and provided competent and relevant evidence on the issue of damages.

We will first address plaintiff's points on appeal. Supreme Court Rule 75.01 provides that a trial court retains jurisdiction over judgments for a limited period of thirty days after entry of judgment in the case. The term "entry of judgment" used in the rule, has been interpreted to refer to a final, appealable judgment that disposes of all parties and all issues in a case. *Bell v. Garcia*, 639 S.W.2d 185, 189 (Mo.App.1982). However, the time limits of Rule 75.01 are not applicable if the judgment is not final and the trial court retains jurisdiction. *Ray Nolting Oldsmobile Co. v. 66 Watson Development Co.*, 518 S.W.2d 167, 169 (Mo. App.1974).

■ Generally, a final and appealable judgment is one that disposes of all parties and all issues in the case and leaves nothing for future determination, unless the trial court has specifically designated the particular judgment as a final judgment for purposes of appeal. See Rule 81.06. *State ex rel. Thompson v. Terte*, 357 Mo. 229, 207 S.W.2d 487, 489 (1947); *Laclede Gas Co. v. Solon Gershman, Inc.*, 539 S.W.2d 574, 578 (Mo.App.1976).

A review of the sequence of procedural events in the present case leads to the conclusion that the court properly removed the stay of the new trial and ordered the parties to proceed. First, plaintiff's motion for a directed verdict was granted on defendant's counterclaim. Then, defendant's motion for a new trial on plaintiff's claim was granted. Defendant subsequently filed notice of appeal of the motion for directed verdict in plaintiff's favor on defendant's counterclaim. A stay of the new trial on plaintiff's claim was entered pending this appeal. The court sua sponte voided this stay and ordered the parties to proceed with a new trial on plaintiff's claim.

■ The court properly characterized the appeal of the directed verdict as premature. The plaintiff's claim and defendant's counterclaim arose out of the same transaction, the contract to construct defendant's building. According to Rule 81.06 and the holding in *Laclede Gas*, the directed verdict ruling on the counterclaim was not final unless the judgment on plaintiff's claim was final, or the court designated the directed verdict as a final judgment. The record reveals that the court did not designate its ruling on the motion for directed verdict as final. Plaintiff's separate claim arising out of the same transaction was set for a new trial and was not a final and appealable judgment at that time. Therefore, as judgment on one of the separate claims was not final and appealable, the appeal of the other claim was premature. See also *McIntyre v. Seabaugh*, 655 S.W.2d 712 (Mo.App.1983); *Shores v. Melson*, 676 S.W.2d 921 (Mo.App.1984).

■ The court's setting aside of the stay of the new trial originally granted was proper. The court retained jurisdiction to

hear the new trial on plaintiff's claim as the time limits of Rule 75.01 were inapplicable due to the presence of a judgment not yet final and appealable. Once the entry of judgment was made on the second trial of plaintiff's claim, both judgments became final for purposes of appeal. Plaintiff's point is without merit.

■ Defendant contends that the trial court erred in directing a verdict in favor of plaintiff on defendant's counterclaim. Defendant's cause of action was based on breach of contract for failure to perform in a workmanlike manner as provided in the plans and specifications of the contract. It is well established that to present a submissible case, a party need only prove the parties' contract and its breach, which gives rise to nominal damages, regardless of a party's failure to prove actual damages. *Sunny Baer Co. v. Slaten,* 623 S.W.2d 595, 598 (Mo.App.1981) citing *Hotchner v. Liebowits,* 341 S.W.2d 319, 326 (Mo.App.1960). Thus, if the evidence substantiates the contract and breach thereof, nominal damages must follow. Here, it is clear from the evidence and the pleadings that a written contract existed between plaintiff and defendant for the construction of a pharmacy and office building on defendant's property. Plaintiff's evidence does not contradict the existence of this contract. The building plans specified a particular elevation for the building in consideration of the possible flooding problems. This was established by the testimony given. In addition, testimony exacted from both parties' witnesses established that the actual elevation of the building was at a lower level than that which the plans specified.

Clearly, this evidence supports a finding that a contract existed and a breach of a term thereof occurred, which necessarily gives rise to nominal damages. Therefore, defendant made a submissible case on a breach of contract action.

Defendant also contends that the testimony of its expert witness, Harold Helmkampf, should not have been stricken from the record. The resolution of this issue is relevant to a retrial of defendant's counterclaim. Mr. Helmkampf's testimony was offered by defendant on the issue of damages for its counterclaim based on breach of contract. Mr. Helmkampf testified that he has been a general contractor in the St. Louis area for twenty-four years. Mr. Helmkampf was properly qualified by defendant as an expert witness.

■ At trial, an expert witness may base a competent opinion upon matters within his personal knowledge or observation, upon observation of competent evidence in the case, or upon both. *Howard v. Lundry,* 591 S.W.2d 193, 199 (Mo.App.1979). If the stated reasons an expert gives for his opinion are in part based on hearsay, the proper method for extracting his opinion is to present competent evidence of facts from a proper source and submit those evidentiary facts to the expert in the form of a hypothetical question. *Howard,* 591 S.W.2d at 199.

■ It is a question of law as to whether an expert's opinion is supported by sufficient facts in evidence to sustain the opinion. *State ex rel. State Highway Commission v. Koberna,* 396 S.W.2d 654, 663 (Mo. 1965). The standard is met if the expert's opinion is based on facts within his personal knowledge or observation, or on a specified state of facts, assumed to be true, as to which evidence has been received. *Id.* If an expert witness does base his opinion on facts within his personal knowledge and observation, his opinion need not be limited to the facts submitted to him in a hypothetical question. *Hay v. Ham,* 364 S.W.2d 118, 126 (Mo.App.1962). Although a witness's opinion may not be based upon hearsay, his expertise may be based on such. *Byrd v. Brown,* 641 S.W.2d 163, 175 (Mo. App.1982).

■ On direct examination, Mr. Helmkampf testified as to his familiarity with the reasonable price charged for raising a building and his observation and inspection of the particular building involved in this case. On cross-examination, the following exchange occurred:

Q. (By plaintiff's counsel) Is the information you testified to, is the cost of raising that building based upon the bid by someone else, one of your subcontractors?

A: I had some bids from subcontractors.

Mr. Helmkampf's testimony was then stricken by the court as based upon hearsay and improperly given. On redirect, Mr. Helmkampf testified that he had raised two buildings and parts of ten others in his experience. In addition, Mr. Helmkampf stated that his previous testimony as to the cost to raise the particular building in question was based upon his experience and knowledge.

Plaintiff's counsel's question as to the basing of his opinion on subcontractor bids is not directly answered by Mr. Helmkampf. Mr. Helmkampf merely stated that he has received bids from subcontractors. In addition, further testimony elicited by defense counsel establishes Mr. Helmkampf's personal experience and knowledge of raising buildings. The record does not indicate that Mr. Helmkampf's testimony was based upon anything but his personal knowledge and experience. The existence of subcontractors' bids as part of Mr. Helmkampf's knowledge and experience does not mean that his opinion is based on such. Their existence in his experience does not vitiate his opinion based upon personal knowledge and observation.

Mr. Helmkampf's opinion testimony is properly based upon his personal knowledge and observation, and therefore need not be elicited by way of hypothetical question. Mr. Helmkampf's testimony should not have been stricken by the court. Upon retrial of the counterclaim, Mr. Helmkampf's testimony should be allowed in accordance with our opinion herein.

Defendant also contends that not only was Mr. Helmkampf's testimony competent but also relevant to the issue of damages for the cost of raising defendant's building. As the court sustained the objection on the basis of competency and did not mention relevancy, defendant's second contention does not pose a problem to this court and should pose no problem at the retrial of defendant's counterclaim.

Judgment entered in favor of defendant on the second trial of plaintiff's claim is affirmed. Judgment in favor of plaintiff on the motion for directed verdict on defendant's counterclaim is reversed and remanded to the trial court for proceedings in accordance with this opinion.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.