**KOZENY–WAGNER, INC., Counterclaim Defendant/Appellant,**

v.

**Joseph SHARK, Counterclaim Plaintiff/Respondent.**

No. 52878.

Missouri Court of Appeals, Eastern District, Division Four.

May 10, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 8, 1988.

Application to Transfer Denied July 26, 1988.

Gary P. Paul, Brinker, Doyen & Kovacs, Clayton, for counterclaim defendant/appellant.

Theodore D. Ponfil, Clayton, for counterclaim plaintiff/respondent.

SIMON, Presiding Judge.

Appellant, Kozeny–Wagner, Inc. (hereafter Kozeny), appeals from a judgment entered in the Circuit Court of St. Louis County on respondent's, Joseph Shark (hereafter Shark), counterclaim for damages resulting from the alleged unworkmanlike construction of a building. The case proceeded to trial on the issue of damages only, following the trial court's ruling on Kozeny's liability. In ruling on the liability issue the trial court found:

> Defendant's [Shark] Motion for Summary Judgment on the issue of Plaintiff's [Kozeny] liability is hereby sustained for the reason that this Court is of the opinion that Plaintiff is collaterally estopped to deny its liability by virtue of the fact that the issue of liability was litigated in favor of Defendant as to Plaintiff's liability in the case in chief.

At the conclusion of the case, the jury returned a verdict in favor of Shark and against Kozeny in the amount of $97,-000.00.

On appeal, Kozeny maintains that the trial court committed prejudicial error in: (1) giving Instructions Nos. 3, the burden of proof instruction (MAI 3.02 [1981 Revision]), and 6, the damage only issue verdict directing instruction patterned after MAI 31.07 [1978 Revision]; (2) sustaining Shark's motion for summary judgment on the issue of liability; (3) sustaining objections to questions posed to Shark on cross-examination as to why Kozeny left the job site in 1974; and (4) overruling Kozeny's objections to, and motion to strike, expert testimony concerning the cost of repair. We reverse and remand.

This is the second time that this case comes before us. *See Kozeny–Wagner, Inc. v. Shark,* 709 S.W.2d 149 (Mo.App. 1986) (hereafter Kozeny I). We borrow freely, without benefit of quotations, from Kozeny I in setting forth the facts.

The instant appeal arises out of a contract executed by the parties in 1972, whereby Kozeny was to construct a two story pharmacy and office building on Shark's land in Florissant, Missouri. Specific plans were made to accommodate the building's structure to a flooding creek located near Shark's land. Plans for the structure provided that the building be set at an elevation of 512.75 feet based upon the 50 and 100 year high water levels of the creek. Construction of the building began in 1973 and continued through the spring of 1974. The building was actually constructed at an elevation 21½ inches below the level provided for by contract. Both parties were unaware of the mistake in elevation until a surveying crew in the area of the jobsite surveyed Shark's land, at Shark's request, and informed him of the mistake in elevation. Subsequently, Kozeny confirmed the mistake.

In May of 1974, Kozeny offered to construct an earthen terrace around the building to remedy water problems caused by the improper construction of the building. Shark rejected this remedy as an unacceptable solution.

The contract provided that Kozeny be paid on a monthly basis for 90% of the cost of labor and materials at the jobsite. Kozeny discontinued construction in July of 1974. Kozeny subsequently sued for breach of contract for Shark's refusal to pay the alleged balance due. Shark counterclaimed alleging Kozeny's failure to substantially perform the contract in a workmanlike manner in accordance with the plans and specifications.

On November 14, 1984, Kozeny obtained a jury verdict in its favor on its claim for breach of contract. Kozeny's motion for a directed verdict on Shark's counterclaim was sustained and judgment was entered in Kozeny's favor. On December 7, 1984, Shark's motion for a new trial on Kozeny's claim was granted. Shark's motion for a new trial on his counterclaim was denied, and on December 17, 1984, Shark filed his notice of appeal of the denial of his counterclaim.

On February 4, 1985, the trial court granted Shark's motion for a stay of the new trial of Kozeny's claim, pending appeal of the denial of his counterclaim. Over the objections of both parties and upon its own motion, the trial court set aside the stay of the new trial on March 6, 1985. The court ordered the parties to proceed on the retrial of Kozeny's claim, stating that the appeal of the directed verdict on Shark's counterclaim was premature. On March 20, 1985, the jury returned a verdict on Kozeny's claim in favor of Shark and judgment was entered accordingly. Subsequently, Kozeny appealed.

In Kozeny I, we affirmed the judgment in favor of Shark on the second trial of Kozeny's breach of contract claim. However, we reversed the directed verdict in favor of Kozeny on Shark's counterclaim and remanded for trial because Shark had made a submissible case based on breach of contract for Kozeny's alleged failure to substantially perform in a workmanlike manner. The instant appeal only concerns the jury trial on Shark's counterclaim.

As Kozeny's second point is dispositive of the instant appeal, we first address its claim that the trial court erred in sustaining Shark's motion for summary judgment regarding liability. Because we conclude that the trial court did so err, it is unnecessary to consider Kozeny's first point as to whether instructional error was committed in the giving of Instruction Nos. 3 and 6, as that issue most likely will not appear on retrial.

As noted, the trial court granted summary judgment in favor of Shark on the issue of Kozeny's liability for failure to substantially perform its agreement in a workmanlike manner. The trial court found that the matter had been litigated during the second trial of Kozeny's claim and, therefore, Kozeny was estopped to deny its liability.

In determining whether the trial court erred in entering summary judgment in favor of Shark, this court must view the record in the light most favorable to Kozeny. Summary judgment is a drastic reme-

dy and is proper only when there are no material issues of fact and the movant is entitled to a judgment as a matter of law. *Union Electric Company v. Clayton Center Ltd.*, 634 S.W.2d 261 (Mo.App.1982); *Gunning v. State Farm Mut. Auto Ins. Co.*, 598 S.W.2d 479 (Mo.App.1980).

Here, the trial court's ruling was premised on the doctrine of collateral estoppel. No other basis is apparent from the record. We recognize that if a summary judgment is sustainable on any theory it must be affirmed. *City of Wright City v. Cencom of Eastern Missouri*, 699 S.W.2d 41 (Mo. App.1985). The only other ground suggested by Shark is that our opinion in Kozeny I establishes Kozeny's liability. Accordingly, we confine our review to the question of whether the trial court's ruling is supported by the two grounds advanced as no others are apparent on the record.

Initially, we determine whether the doctrine of collateral estoppel supports the trial court's ruling. The basic rule of collateral estoppel by a prior verdict is stated in *Abeles v. Wurdack*, 285 S.W.2d 544 (Mo. 1956): "[a] judgment between the same parties on a different cause of action is binding as to the *facts actually decided*, and *necessarily determined* in rendering a judgment, under what is called estoppel by verdict." *Id.* at 546[2] (emphasis ours). Similarly, in *Owens v. Government Employees Insurance Company*, 643 S.W.2d 308 (Mo.App.1982), we said: "[c]ollateral estoppel forecloses a party from litigating *only those exact issues unambiguously decided* in the earlier case." *Id.* at 310[2] (emphasis ours).

At the conclusion of the second trial on Kozeny's claim for breach of contract for refusal to pay the balance due thereunder, the trial court charged the jury that:

Your verdict must be for [Kozeny] if you believe,

First, [Kozeny] and [Shark] entered into an agreement whereby [Kozeny] agreed to design and construct a medical and pharmacy building in accordance with drawings and specifications and [Shark] agreed to pay for said building, and

*Second, [Kozeny] substantially performed its agreement in a workmanlike manner,* and

Third, [Shark] failed to perform his agreement, and

Fourth, [Kozeny] was hereby damaged. MAI 26.07 [1981 Revision] (emphasis added). The jury returned its verdict in the following form:

On the claim of the plaintiff, Kozeny–Wagner, Inc., we, the undersigned jurors, find in favor of:

"Defendant Joseph A. Shark"

| Plaintiff | or | Defendant |
|---|---|---|
| Kozeny–Wagner, Inc. | | Joseph Shark |

Relying on *Herrera v. Reicher*, 608 S.W.2d 539 (Mo.App.1980), Kozeny argues that collateral estoppel by verdict does not apply. Because the general verdict was in favor of Shark, Kozeny asserts that the jury could have disbelieved any one of the four propositions contained in the instruction and returned its verdict.

As Kozeny points out, the general verdict in favor of Shark does not show which proposition or propositions of the instruction the jury failed to believe. Although the jury's disbelief of the element set forth in paragraph Second might explain the verdict, Kozeny argues that it is not the only possible explanation. Kozeny argues that, therefore, collateral estoppel by verdict is of no moment because the exact issue, that Kozeny substantially performed in a workmanlike manner, was not unambiguously decided.

Shark argues that the only proposition contested at trial was whether Kozeny substantially performed in a workmanlike manner and, thus, the exact issue was unambiguously decided. Shark points out that the existence of the contract was admitted in the pleadings and, thus, claims no issue existed with respect to the issues embodied in paragraph First. Next, Shark directs our attention to the transcript of the trial and shows that he admitted that he did not pay Kozeny the amount called for by the terms of the contract. From

this, Shark argues that no dispute existed as to the elements set forth in paragraphs Third and Fourth and, therefore, the jury must have actually decided and necessarily determined that Kozeny did not substantially perform in a workmanlike manner.

■■■■ Shark's argument is unsound. Regardless of whether or not the issues embodied in paragraphs First, Third and Fourth were in dispute, they were, in fact, submitted to the jury. A jury should not be required to find an element of fact not actually contested or in issue. *Huff v. Union Electric Co.,* 598 S.W.2d 503, 515[15] (Mo.App.1980). It is not erroneous to omit undisputed elements from an instruction. *Bender v. Colt Industries, Inc.,* 517 S.W.2d 705, 709[5] (Mo.App.1974). Our Supreme Court has admonished drafters of instructions "to make certain that an element is really in issue before injecting it into an instruction." *Cline v. Carthage Crushed Limestone Company,* 504 S.W.2d 102, 112[7] (Mo.1973). These rules apply with equal force to MAI and Not-in-MAI instructions. *Id. See* MAI 3rd ed., Annot. at CVII, and MAI 3rd ed. Supp. at XLVII. Under the instruction given the jury was the sole arbiter of the facts. Based on the evidence, they were entitled to believe or disbelieve any one of the propositions contained in the instruction. If paragraph First, Third, and Fourth were not in dispute, Kozeny assumed the additional burden, in submitting those charges, of requiring the jury to make a finding of elements of its claim that were not in issue. *See Donnell v. Vigus Quarries, Inc.,* 526 S.W. 2d 314, 317[8] (Mo.App.1975). From the jury's general verdict it is impossible to say with certainty that the only issue decided was the failure to substantially perform in a workmanlike manner. Thus, the trial court erred in granting summary judgment in favor of Shark on the issue of liability based upon the doctrine of collateral estoppel.

■■■■ Further, nothing contained in our opinion in Kozeny I establishes Kozeny's liability as Shark claims. In Kozeny I we stated that:

> Here, it is clear from the evidence and the pleadings that a written contract existed between [Kozeny] and [Shark] for the construction of a pharmacy and office building on [Shark's] property. [Kozeny's] evidence does not contradict the existence of this contract. The building plans specified a particular elevation for the building in consideration of the possible flooding problems. This was established by the testimony given. In addition, testimony exacted from both parties' witnesses established that the actual elevation of the building was at a lower level than that which the plans specified.
>
> Clearly, this evidence supports a finding that a contract existed and a breach of a term thereof occurred, which necessarily gives rise to nominal damages. Therefore, [Shark] made a submissible case on a breach of contract action.

*Kozeny,* 709 S.W.2d at 152. However, we were ruling on the propriety of a directed verdict on Shark's counterclaim and our review of the evidence was made in the light most favorable to Shark in order to determine whether he had made a submissible case. Our holding went no further than that Shark had presented sufficient evidence to establish a submissible case. It did not establish the conclusiveness of that evidence or obligate the jury to find in accordance with that evidence.

In its third point, Kozeny complains that the trial court erred in overruling its objections to and its motion to strike the opinion testimony of Harold Helmkampf concerning the cost of $45,000 for raising the building. Helmkampf's testimony was offered by Shark as that of an expert on the issue of damages, specifically the cost to correct the mistake made by Kozeny. Kozeny claims it should have been disallowed as based on hearsay.

We ruled on a similar contention in Kozeny I. There the following exchange was at issue:

Q. (By Kozeny's counsel) Is the information you testified to, is the cost of

raising that building based upon the bid by someone else, one of your subcontractors?

A. I had some bids from subcontractors.

We noted that Mr. Helmkampf never testified directly that he based his opinion on the bids of subcontractors. He merely stated that he had received bids. Because the record did not otherwise indicate that Mr. Helmkampf's testimony was based on anything but his personal knowledge and experience, we ruled that the testimony should not have been stricken as hearsay by the trial court.

Here, the record is more involved. On direct examination Mr. Helmkampf testified as to the cost of repair of Shark's building in response to a detailed hypothetical question, over an objection to his competency as an expert. On cross-examination the following questions were asked and answered:

Q And are those figures [the cost of repair] that you have put together yourself?

A Yes, I have estimated these figures.

Q Yourself. Not from any other information, just in your own information?

A The figures comprise of estimates made by me and I said I have received bids.

Q Bids you have received from others?

A That's correct. That's the normal way a general contractor works.

Q *I understand, sir, but your answer then includes bids of others?*

A *That's correct.*

Q Not figures you have put together from your knowledge and from your expertise, is that correct?

A A large portion of them are from my knowledge and my expertise. As a matter of fact, as I look at these numbers there is one figure from a subcontractor here.

Q That's the only figure?

A Yes. The rest of them are all my numbers, my estimates.

Q What is that at this time, sir?

A That happens to be an estimate from a house raising company.

Based on the testimony elicited on cross-examination Kozeny moved to strike the testimony of Mr. Helmkampf.

██ It is apparent that in the instant case Mr. Helmkampf's opinion was based on hearsay. He specifically testified that his opinion was based in part on the bid of a house raising company in the amount of $45,000.00. This evidence is contained nowhere else in the record. Kozeny I has no application here as no hearsay basis was disclosed in the record in that case. Although a witness' expertise may be based upon hearsay, ordinarily his opinion may not. *Byrd v. Brown*, 641 S.W.2d 163, 175[11] (Mo.App.1982). Thus, we conclude that the trial court erred in overruling Kozeny's motion to strike Mr. Helmkampf's testimony as to that part of his opinion based upon the $45,000 bid from the house raising company.

In its final point, Kozeny contends that the trial court erred in sustaining Shark's objections to questions posed to Joseph Shark on cross-examination as to why Kozeny left the job site in 1974. At trial, Mr. Shark testified that Kozeny left the job in 1974. Mr. Shark was asked by his own counsel whether a roof was in place when Kozeny "walked off the job." Shark replied no. Mr. Shark was then asked why he did not tear down the building and start from scratch when Kozeny "walked off the job." Shark responded that he did not have sufficient funds to do so. During cross-examination, Kozeny's counsel attempted to elicit from Mr. Shark that Shark's non-payment was the reason why Kozeny "walk[ed] off the job." Shark's objection thereto was sustained and Kozeny's counsel stated that if allowed to testify, Shark would state that he was put on notice July 29th, 1974, by registered mail, that Kozeny would walk off the job unless certain monies were paid to it by a certain date.

Kozeny argues that as evidence of its liability was introduced into evidence, i.e., its walking off the job, it was entitled to explain the reason for leaving the job. As we understand Kozeny's argument, because liability had been decided by the court, evidence as to liability was irrelevant and should not have been admitted at all.

Since we have decided the trial court's entry of summary judgment as to Kozeny's liability was erroneous, it is not necessary to decide this point. On retrial Kozeny's liability should be an issue and competent evidence touching on it will be admissible.

Judgment reversed and remanded.

CRANDALL and GRIMM, JJ., concur.