**FAIRFIELD SQUARE DEVELOPMENT COMPANY, Plaintiff-Appellant, Cross-Respondent,**

v.

**Walter ROGALSKI and Thelma Rogalski, Defendants-Respondents, Cross-Appellants,**

v.

**LIEBERMAN CORPORATION, Defendant-Cross-Respondent.**

**No. 55074.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 11, 1989.

Edward K. Fehlig, Clayton, for plaintiff-appellant, cross-respondent.

Eugene Portman and Jack B. Schiff, Clayton, for defendants-respondents, cross-appellants.

GARY M. GAERTNER, Judge.

Appellant Fairfield Square Development Company (Fairfield) appeals from judgment in action for damages for breach of contract. Cross-appellants Walter and Thelma Rogalski (the Rogalskis) appeal from trial court's ruling which precluded the Rogalskis from submitting their claim against third party defendant Lieberman Corporation to the jury. We have determined that the orders are not appealable and dismiss.

The Rogalskis entered into a written contract to purchase a condominium from Fairfield in St. Louis County. The parties entered into the contract on April 1, 1983, with a purchase price of $340,000 and an approximate completion date of September 30, 1983. Construction changes were a part of the construction of Fairfield's condominiums which included customized features. Fairfield provided change order forms to be signed by the parties to confirm changes after the signing of the initial contract. A number of change orders were executed from July 1983 through February 1984. Fairfield asserted that the change orders resulted in an additional net cost of $49,000. The Rogalskis disputed approximately $12,121 of the additional charges. The Rogalskis purchased furnishings, including carpeting, for which they claim they spent $15,542.

At the time they entered into the contract the Rogalskis had not sold their home, therefore the completion time was not an issue. But after the Rogalskis sold their home repeated requests were made to complete their condominium. The Rogalskis vacated their home on September 1, 1983, and thereafter rented a house nearby their old home. Although not incorporated into the contract, Fairfield's sales representative had told the Rogalskis that they could live rent free in one of Fairfield's other condominium developments. Mrs. Rogalski testified however, that when she requested the free housing for September 1, 1983, she was told by Fairfield that none was available.

The Rogalskis presented evidence that during construction of their condominium promises were made by Fairfield's employees regarding the completion date. The Rogalskis testified that they were promised completion by Thanksgiving, then Christmas 1983. On January 20, 1984, the vice-president of the Lieberman Corporation, the parent company of Fairfield, sent the Rogalskis' attorney a letter stating that the condominium would be completed on February 29, 1984. The Rogalskis inspected the premises of the condominium on February 29, 1984, along with their attorney, an engineer, their real estate agent, and repre-

sentatives of Fairfield. After inspecting the premises Mrs. Rogalski delivered a list of 123 items that had not been completed or were improperly constructed.

Fairfield prepared documents for closing the sale of the condominium to the Rogalskis with a final sales price of $389,000. The closing was scheduled for March 16, 1984. The Rogalskis refused to close the sale. The Rogalskis asserted reason for refusing to close was the delay in construction and improper construction. Fairfield thereafter sold the condominium to another buyer on June 7, 1984, for $380,000. Fairfield thereafter brought an action for damages against the Rogalskis. Fairfield calculated a total cost of retrofitting the unit, interest, and sales commission, to be $42,573. Fairfield retained the Rogalskis' earnest deposit of $34,000 resulting in net damages of $8,573.

The Rogalskis filed a counterclaim seeking the return of their earnest money, the value of the items installed in the unit at their expense, rental, moving, storage and insurance expenses, and punitive damages for alleged fraud. Count II of the Rogalskis counterclaim joined Fairfield's parent, the Lieberman Corporation (Lieberman), and asserted that Fairfield was organized as Lieberman's alter ego with the intent to defraud creditors, including defendants. Lieberman filed a motion to dismiss for failure to state a claim which was overruled. The court, however, excluded evidence regarding Count II and refused to instruct the jury as to Count II.

The cause was submitted to a jury which returned verdicts against Fairfield on its claim against the Rogalskis, for the Rogalskis on their contract claim against Fairfield, and against the Rogalskis on their fraud claim against Fairfield. The jury awarded the Rogalskis $71,000 in damages. Fairfield appeals from the judgement against it. The Rogalskis appeal from the trial court's refusal to allow them to introduce evidence to support Count II or submit Count II to the jury.

In their cross-appeal the Rogalskis argue that the trial court erred in failing to rule on its claim against Lieberman. The claim against Lieberman was not dismissed nor was it submitted to the jury. Cross-respondent Lieberman urges us to treat the trial court's refusal to submit the issue to the jury and subsequent denial of the Rogalskis' motion for new trial on that issue as a directed verdict. Lieberman cites no persuasive authority to support its position.

A final and appealable judgment is one that disposes of all parties and all issues in the case and leaves nothing for future determination, unless the trial court has specifically designated the particular judgment as a final judgment for purposes of appeal. *Kozeny–Wagner, Inc. v. Shark,* 709 S.W.2d 149, 151 (Mo.App.E.D.1986). When a trial judge designates an order as final for purposes of appeal which adjudicates fewer than all the claims or disposes of fewer than all the parties, he must also make a determination that there is no just reason for delay. Rule 74.01(b). Rule 74.01(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates *fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). As stated above no ruling as to the claim against Lieberman appears on the record. Thus the judgments entered by the trial court adjudicated fewer than all the claims and the liabilities of fewer than all the parties. Pursuant to the rule the judgments did not terminate the action as to any of the other claims or parties. *Id.* Had the trial court intended

to dismiss or direct a verdict it should have done so expressly. If the trial court intends to allow the Rogalskis to further pursue the claim against Lieberman, a designation of the order as to the other claims as final and appealable along with a determination that there is no just reason for delay is necessary before appellate review of the judgments entered. *Id.* We conclude that the judgments entered by the trial court are not final for purposes of appeal.

In light of our ruling on the cross-appeal, a determination as to the other issues raised in the cross-appeal would be premature. This appeal is dismissed and the cause is remanded for an adjudication or ruling as to Count II of cross-appellants' petition.

GRIMM, P.J., and KAROHL, J., concur.