**SOUTHTOWN DENTAL CENTER, Plaintiff,**

v.

**Shirley PATRICK, Defendant/Third Party Plaintiff/Appellant,**

v.

**WAUSAU INSURANCE COMPANY, Third Party Defendant/Respondent.**

No. 55321.

Missouri Court of Appeals, Eastern District, Division One.

May 23, 1989.

Mark Robert Bahn, St. Louis, for Shirley Patrick.

Joseph H. Mueller & Robyn Susan Greifzu, St. Louis, for Wausau Ins. Co.

Joseph F. Mueller, St. Louis, for Southtown Dental.

CRANDALL, Presiding Judge.

Shirley Patrick, defendant/third party plaintiff, appeals from the grant of summary judgment in favor of Wausau Insurance Company, third party defendant. We dismiss the appeal.

Plaintiff, Southtown Dental Center, brought an action against Shirley Patrick for an unpaid bill for dental services. Patrick then filed a third party petition against Wausau. On motion of Wausau, the trial court granted summary judgment in its favor. The underlying claim of *Southtown Dental Center v. Patrick* remained unresolved.

A final and appealable judgment is one which disposes of all parties and all issues in the case and leaves nothing for future determination unless a trial court specifically designates a particular judgment as a final judgment for purposes of appeal. *Fairfield Square Development Company v. Walter Rogalski and Thelma Rogalski v. Lieberman Corporation*, 767 S.W.2d 626, 629 (Mo.App.E.D.1989). When a trial judge specifically designates a judgment as final for purposes of appeal, where the judgment otherwise would not be final, he must also make a determination that there is no just reason for delay. *Id.*, Rule 74.-01(b). Here, the entry of summary judgment disposed of fewer than all the parties and issues because the *Southtown Dental Center v. Patrick* litigation is still pending. There is no indication in the record that the trial court designated this judgment as final for purposes of appeal, nor was there a determination that there is no just reason for delay. Therefore, we conclude that the summary judgment entered in favor of Wausau on Patrick's third party action is not final for purposes of appeal.

The appeal is dismissed.

REINHARD and CRIST, JJ., concur.