**BAY'S TEXACO SERVICE AND SUPPLY COMPANY, INC., Respondent,**

v.

**Donald MAYFIELD, et al., Appellants.**

**No. 56770.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 29, 1990.

David Lawrence Hoven, Pacific, for appellants.

William G. Buchholz, II, Clayton, for respondent.

CARL R. GAERTNER, Presiding Judge.

Defendants appeal from an order of the trial court granting plaintiff's request for reformation of a lease. We dismiss.

On April 27, 1989, plaintiff filed an amended petition alleging in Count I a breach of contract and requesting in Count II reformation of a lease. Defendants answered plaintiff's petition by denying the allegations and claiming that plaintiff lacks the capacity to bring suit against defendants. Further, defendants raise several affirmative defenses to plaintiff's claims in the breach of contract count.

After a hearing solely on the issue in Count II for reformation of a lease, the

trial court issued a memorandum finding in favor of plaintiff and against defendants. The trial court concluded that the lease agreement in the name of "Bay Service and Supply Company, Inc." was a misnomer and mutual mistake of fact, and reformed the lease so that "Bay's Texaco Service and Supply Company, Incorporated" was substituted as the proper corporate name of the leasing party. The court order, dated May 3, 1989, provides: "This shall constitute a final judgment as to Count II." According to the record before us, no disposition of Count I has been made.

■ Where, as here, none of the parties has questioned the finality of the judgment, this court must raise the issue *sua sponte*. *Around the World Importing, Inc., v. Mercantile Trust Company National Ass'n*, 771 S.W.2d 919, 922 (Mo.App.1989). Because finality of judgments is a jurisdictional prerequisite, we must dismiss an appeal from a judgment that is not final. *Id.* A final and appealable judgment disposes of all issues in the case and leaves nothing for future determination, unless the trial court has specifically designated the order as a final judgment for purposes of appeal. *Fairfield Square Development Co. v. Rogalski*, 767 S.W.2d 626, 628 (Mo.App.1989). When a trial court designates an order that adjudicates fewer than all the claims or disposes of fewer than all the parties as final for purposes of appeal, the trial court must also make "an express determination that there is no just reason for delay." Rule 74.01(b); *Id.*

■ In the present case, the record before us on appeal reveals no disposition of Count I of plaintiff's amended petition. Apparently, the issue still remains before the trial court for adjudication. This fact alone is sufficient to dismiss the appeal as not a final judgment. *Around the World Importing*, 771 S.W.2d at 922. Moreover, in its memorandum adjudicating Count II of plaintiff's petition, the trial court neither designated the order as a final judgment for purposes of appeal nor expressly determined "that there is no just reason for delay." Rule 74.01(b); *Fairfield*, 767 S.W.2d at 628. Such a designation of the

judgment as a final judgment for purposes of appeal and a "determination that there is no just reason for delay" is necessary before any appellate review of the merits of the case.

Accordingly, the trial court's order granting reformation of the lease agreement is subject to revision at any time before the entry of judgment on Count I of plaintiff's amended petition. Rule 74.01(b); *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App.1989). Since the order of the trial court lacks finality this appeal must be dismissed.

Appeal dismissed.

STEPHAN, J., and JOSEPH J. SIMEONE, Senior Judge, concur.