**SCM CORPORATION,**
**Plaintiff-Appellant-Petitioner,**

v.

**XEROX CORPORATION,**
**Defendant-Appellee-Respondent.**

No. 79–8018.

United States Court of Appeals,
Second Circuit.

Submitted May 1, 1979.

Decided May 10, 1979.

Stephen Rackow Kaye, Proskauer, Rose, Goetz & Mendelsohn, New York City, Kevin Moore, SCM Litigation Office, New York City, Ira B. Grudberg, Jacobs, Jacobs, Grudberg, New Haven, Conn., Widett, Slater, Goldman, Boston, Mass., for plaintiff-appellant-petitioner.

Kaye, Scholer, Fierman, Hays, Handler, New York City, for defendant-appellee-respondent.

Before GURFEIN and MESKILL, Circuit Judges, and WYZANSKI, District Judge.*

PER CURIAM:

This is a motion by the plaintiff, SCM Corporation, not opposed by defendant, Xerox Corporation, for the allowance of appeals under 28 U.S.C. § 1292(b) and under Rule 54(b) of the Federal Rules of Civil Procedure.

SCM's civil antitrust suit against Xerox alleged its exclusion from the plain paper copying market and sought both money damages and injunctive relief. After a fourteen-month trial, the jury found for SCM on some of its claims and for Xerox on others. The jury found against SCM and in favor of Xerox on (1) an alleged exclusion beginning in 1964; (2) a denial of an oppor-

---

\* The Honorable Charles E. Wyzanski, Jr., Senior District Judge, U.S. District Court for the District of Massachusetts, sitting by designation.

tunity to market the Fuji-Xerox 2200 copier; and (3) the impairment of SCM's marketing of the 6740 copier. The jury, on the other hand, returned a verdict in favor of SCM and against Xerox concerning (1) SCM's exclusion from the market beginning in 1969, for which the jury granted damages of $37.1 million; and (2) impairment of SCM's marketing of copiers by use of particular pricing plans (the "MUP pricing claim"), for which the jury awarded $230,-874 in damages.

The District Court for Connecticut (Honorable Jon O. Newman, Judge) entered final judgment dismissing in their entirety the 1964 exclusion claim, the Fuji-Xerox 2200 claim and the 6740 marketing claim. The court also held that SCM was not entitled to money damages under § 4 of the Clayton Act, 15 U.S.C. § 15, either for the 1969 exclusion claim or for the MUP pricing claim. As to the MUP pricing claim, Judge Newman denied money damages because he determined that SCM had failed to submit rationally based damage estimates, so that the jury's award was speculative. As to the 1969 exclusion claim, the Judge denied money damages, as a matter of law, under Section 4 of the Clayton Act, 15 U.S.C. § 15, set aside the jury verdict for money damages, and deferred further evidentiary and other proceedings for the resolution of the proper prospective equitable relief under § 16 of the Clayton Act, 15 U.S.C. § 26. The Judge concluded his comprehensive opinion by holding that Xerox is not liable to SCM for any money damages but that "sound judicial administration dictates that the present voluminous record should not be supplemented by further evidence in support of claims for any particular equitable relief until a reviewing court has had an opportunity to consider whether any liability for equitable relief has been established."

The trial court recognized, however, that the route to appellate review was not entirely clear. He noted that some of the antitrust claims are clearly distinct from the severed Xerox claims of patent infringement and the SCM defense of patent invalidity and that since disposition of the antitrust claims was final, he would enter a Rule 54(b) judgment thereon. He recognized that with respect to the post-1969 exclusion claim "there is substantial doubt whether a denial of damages can support a final judgment on that claim as long as the possibility of equitable relief remains open."

He accordingly also certified an appeal pursuant to 28 U.S.C. § 1292(b), stating that the setting aside of SCM's damage claims with respect to the 1969 exclusion claim involves several controlling questions of law as to which, for lack of precedent, there is substantial ground for difference of opinion, and that immediate appeal from the ruling disallowing such damages will materially advance the ultimate termination of this litigation.

The judgments dismissing the claims against Xerox appear to be final for purposes of Rule 54(b). With respect to the division of the remedy between money damages and equitable relief on the 1969 exclusion claim, however, that judgment is not final because it may be simply a "partial adjudication of a single claim" and, hence, not appealable as a final judgment. *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir. 1978).

We are not certain, however, that we can accept the § 1292(b) certification as a proper ground for appeal at this time, since we are not clear on the "controlling question of law." The District Court has not stated what it regards as the "controlling question of law;" and we do not know whether the District Court intended to hold that Xerox was "liable" on the post-1969 claim but that money damages were not available as a remedy, or whether the court decided merely that money damages were not a remedy without deciding the issue of liability. Since the scope of the appeal will depend upon such analysis, we remand for a further conclusion of law on this subject, with a request that the District Court itself formulate what it regards as "the controlling question[s] of law." The panel will retain jurisdiction of the motion pending further certification by the District Court.