QUIKTRIP CORPORATION, et al., Respondents,

v.

CITY OF ST. LOUIS, et al., Appellants.

No. 57577.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 20, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1990.

Julian Bush, Elkin Kistner, James J. Wilson, St. Louis, for appellants.

Stanley E. Goldstein, Brian Paul Seltzer, Kay R. Sherman, Clayton, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, City of St. Louis, the City's Building Commissioner, the Board of Building Appeals (individually and as members), the Heritage and Urban Design Commission (individually and as members), the Heritage and Urban Design Commissioner and the Mayor of the City of St. Louis, appeal from an order of the Circuit Court for the City of St. Louis in a lawsuit involving demolition permit applications for several buildings and a building permit application for a QuikTrip convenience store.

We are obliged to review, in relatively great detail, the facts of the underlying action before addressing appellants' claim.

Peggy Harms, Winston Hsu and Joseph Hebenstreet, respondents, are owners of several parcels of land, improved and unimproved, located at the intersection of Jefferson and Chippewa Streets in the City of St. Louis. QuikTrip Corporation, also a respondent herein, contracted to purchase the property contingent upon QuikTrip's ability to obtain demolition and building permits from the city. QuikTrip sought to construct a QuikTrip convenience store on this property.

On June 17, 1988, QuikTrip and Brown Brother's Wrecking Company (a demolition company) applied with the Division of Building and Inspection for permits to demolish each of four buildings which existed on the owners' lots. The division forwarded the applications to the Heritage and Urban Design Commission (hereinafter HUDC) as required by City Ordinance 59030. In pertinent part, this Ordinance provides:

> Section Two. The Commission On Heritage And Urban Design ... shall have forty-five (45) working days after receipt of a copy of such application to review same and advise the Building Commissioner in writing of its decision ... Failure to notify the Building Commissioner in writing by the end of said forty-five (45) day period shall constitute an approval of said application.

HUDC scheduled a hearing for July 17, 1988, to discuss the demolition permits. This meeting was deferred until August 4, 1988, in order to give QuikTrip time to discuss their plans with local merchants and residents. At the August 4 hearing, testimony was taken but a further hearing was scheduled for August 18, 1988, because the City Alderman who represented the area where the demolition was to occur requested more time to consult with his constituents. QuikTrip, at the August 4 meeting, stated that they had no objection to the subsequent August 18 meeting. On August 24, 1988, HUDC sent its recommendation to the Building Commissioner that the demolition permits be approved, provided certain conditions were met.

QuikTrip appealed this decision to the Board of Building Appeals pursuant to Ordinance 24.14.040.[1] QuikTrip objected to the authority of HUDC to place conditions on its recommendations and challenged three of the restrictions substantively. The Board of Building Appeals conducted a hearing on September 22, 1988. On September 26, 1988, the Board removed all of the conditions that HUDC had imposed and denied the demolition permit altogether.

Meanwhile, QuikTrip also applied for a building permit to enable them to construct their convenience store. This application was filed on June 6, 1988, and began its trek through the various city departments.[2] The Department of Public Safety, which keeps track of the building permit application process, notified QuikTrip by letter dated June 15, 1988, that their building permit application was reviewed by the Minimum Exterior Review Committee pursuant to Ordinance 57986. This letter also informed QuikTrip that the Committee needed a landscape plan and needed HUDC approval for demolition.

The Chief Plan Examiner of the Public Safety Commission testified that in order for QuikTrip to obtain a building permit the demolition permit would have to be approved. After conditionally approving QuikTrip's demolition application, HUDC requested the Public Safety Commission to send them QuikTrip's construction plans for the store. HUDC wanted the plans because one of their conditions for demolition approval was that full construction

1. Oddly, Janice Cameron, the acting commissioner of HUDC, also appealed the decision of her own committee. We have not reached the propriety of Ms. Cameron's appeal, however, because it has not been argued before us. We note that since an appeal was taken by Quik-Trip, the Board of Building Appeals had jurisdiction to review the actions of HUDC independent of Ms. Cameron's appeal.

2. Testimony indicated that the following city departments were asked to approve QuikTrip's plans: street, plumbing, mechanical, air pollution and engineering.

plans be provided. This "transfer" apparently took place sometime in September of 1988.

On November 3, 1988, HUDC held a meeting at which they voted to disapprove the proposed building permit because they determined that it did not comply with the minimum appearance standards. On November 7, 1988, HUDC forwarded this recommendation to the Public Safety Commission.[3]

According to the trial testimony of the Chief Plan Examiner of the Public Safety Commission, at the time of trial, QuikTrip's building permit application could not be further processed because it had yet to pass scrutiny with the street department or meet certain air pollution standards and because the demolition permit was denied. Despite HUDC's purported denial of the building permit, trial testimony indicated that the building permit application was still pending; having never been denied.

On October 21, 1988, respondents filed their five count petition in the circuit court. In Count I, respondents claimed that Ordinance 59030 did not contain standards to guide HUDC in evaluating demolition applications and, therefore, was void for vagueness. Count II averred that HUDC considered irrelevant evidence and failed to issue a detailed reason for its conditional approval of the demolition permit. Count III alleged that, since HUDC did not report its recommendation for conditional approval to the Building Commissioner within forty-five days as required, HUDC was deemed to have unconditionally approved it. Finally, in Count IV, respondents claimed that Mayor Schoemehl improperly directed the Building Commissioner to deny QuikTrip's building and demolition permits.

Counts I, II and IV claimed that respondents were deprived of due process of law under Art. I, sec. 10 of the Missouri Constitution, the 5th and 14th Amendments to the United States Constitution and that appellants' actions were actionable under 42 U.S. C.A. § 1983. Count III merely alleged that HUDC improperly denied the demolition permit under Ordinance 59030. Respondents sought equitable relief requiring the Building Commissioner to approve the demolition and building permits.[4] Respondents also sought damages for the failure of the City to approve the permits. Count V of the petition sought administrative review of the demolition and building permit applications pursuant to RSMo § 536.100 (1986).

The trial court conducted a hearing on December 8, 1988, and on January 27, 1989. The court's order, issued January 12, 1990, granted virtually all of the injunctive relief respondents requested and granted respondents $42,000.00 in attorneys' fees against the City of St. Louis.

Relevant to our purposes, the trial court ordered as follows:

ORDERED, ADJUDGED AND DE-CREED that plaintiffs, ... have judgment against defendants, ... on counts I through IV of the petition as amended, and that Ordinance 59030 of the City of St. Louis be and the same hereby is declared to be unconstitutional, illegal, void and of no effect; and it is

FURTHER ORDERED, ADJUDGED AND DECREED that defendants herein named, ... are permanently restrained and enjoined from denying to plaintiffs herein named ... the demolition permits applied for by or in behalf of said plaintiffs ... dated June 17, 1988, and said defendants are further restrained and enjoined from delaying, hindering, interfering with or otherwise preventing demolition of the buildings described in such demolition permit applications, provided that demolition is carried out in accord-

---

3. The Minimum Exterior Standards Committee (a.k.a. MINEX), which is charged with reviewing applications for compliance with minimum appearance standards, approved QuikTrip's plans. If MINEX was "uncertain" as to whether the plan met the minimum standards, Ordinance 24.16.020 provides that the plan can be forwarded to HUDC for review. HUDC's receipt of the plan was not done for this reason in

our case. HUDC's authority to review the plan was clearly suspect.

4. Respondents' theory regarding their entitlement to approval of the building permit rests on their assumption that the sole reason no such approval had been made was due to the City's unlawful denial of the demolition permit.

ance with all applicable codes, ordinances and regulations ... and it is

FURTHER ORDERED, ADJUDGED AND DECREED that the decisions of the Board of Building Appeals of the City of St. Louis ... be and the same are hereby reversed, and the matter of the demolition permits at issue in said appeals is remanded to the said Board with instructions that said Board immediately direct the Building Commissioner of the City of St. Louis to issue the demolition permits applied for by or in behalf of said plaintiffs by Brown Brothers; and it is

FURTHER ORDERED, ADJUDGED AND DECREED that defendants City of St. Louis and Martin P. Walsh, Jr., in his capacity as Building Commissioner of the City of St. Louis, be and they are hereby enjoined and restrained from denying the building permits applied for by or on behalf of plaintiffs by plaintiff QuikTrip under applications dated June 6, 1988 on account of any decision of the defendant Heritage and Urban Design Commission or its members denying demolition permits or disapproving the building permits applied for under date of June 6, 1988, and, further, that defendants, City of St. Louis and Martin Walsh, their agents, servants, employees and those acting under their direction shall complete review of the building permit applications and notify plaintiffs of the decision concerning grant or denial of said permits within ten (10) days of the date hereof; but that, with regard to all other claims concerning building permits, said claims are dismissed without prejudice; ...

The trial court further ordered that "the judgments entered herein ... are certified as final and appealable, there being no just reason for delay ..."

On appeal, appellants raise four points. Point one of appellants' brief asserts that the trial court erred in reviewing the building permit application. The remainder of appellants' points claim error in the trial court's treatment of the building permit application pursuant to 42 U.S.C. § 1983, the trial court's determination that Ordinance 59030 was unconstitutionally vague

and the trial court's award of attorneys' fees. For the following reasons, we can only review appellants' claim regarding the court's administrative review of respondents' building permit applications.

While neither party has questioned the authority of the court to certify its order as appealable pursuant to Rule 74.01(b), we note that the finality of a judgment is a prerequisite to our jurisdiction and, as such, we are obliged to question the trial court's authority sua sponte. *Bay's Texaco Service and Supply Co., Inc. v. Mayfield,* 792 S.W.2d 50, 51 (Mo.App., E.D.1990). An appealable judgment disposes of all of the issues in a case, leaving nothing for future determination. *Id.* A trial court can, however, expressly designate an order as a final judgment for purposes of appeal pursuant to Rule 74.01(b). Rule 74.01(b) in pertinent part, states that:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

In the case at bar, the trial court's order disposed of the equitable issues involved and ruled on respondents' claims for administrative review. The court left the question of appellant's, City of St. Louis', liability for damages under § 1983 for later determination. We are faced with two distinct questions. Our first question is whether the trial court's order, which adjudicates the equitable issues and awards attorneys' fees, but does not determine questions of damages, can be certified as appealable pursuant to Rule 74.01(b). Our second question becomes whether an order regarding a trial court's administrative review under Chapter 536 of the Missouri Revised Statutes is a separate claim from a § 1983 action which would enable the trial court to certify such an order appealable under Rule 74.01(b). For the following reasons, we find the answer to the first inquiry in the negative and find the court's

order regarding Chapter 536 to be an appealable order.

In *Davis v. Dolgencorp., Inc.*, 774 S.W.2d 565 (Mo.App., E.D.1989), this court was faced with a three count petition in negligence. The trial court dismissed plaintiff's Count III which requested punitive damages and certified it as an appealable order. Our court dismissed the appeal and held that an action which sought to recover both actual and punitive damages resulting from the same tort presented one single claim, not multiple claims under Rule 74.01(b). *Id.* at 567.

■ In the case at bar, respondents sought injunctive relief, administrative review, damages and attorneys' fees based on § 1983. As in *Dolgencorp*, the trial court awarded some, but not all, of the relief sought. Since the issue of damages remains with the court below, it cannot be said that the trial court adjudicated a separate claim for relief.

The United States Supreme Court, interpreting Federal Rule 54(b), which is identical to Missouri Rule 74.01(b), stated that "a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states but a single claim for relief." *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 743 (n. 4), 96 S.Ct. 1202, 1206 (n. 4), 47 L.Ed.2d 435 (1976). In *Wetzel*, the respondent sought to enjoin petitioner, Liberty Mutual, from engaging in certain discriminatory practices and sought damages pursuant to Title VII of the Civil Rights Act of 1964. The District Court determined that petitioner was liable to respondent on account of its hiring practices but did not enter an injunction or assess damages and attorneys' fees. The Supreme Court held that the District Court's adjudication of the liability issue was not an appealable order under Rule 54(b). *Id.* 424 U.S. at 743–744, 96 S.Ct. at 1206–1207.

In *SCM Corp. v. Xerox Corp.*, 599 F.2d 32 (2nd Cir.1979), SCM brought an antitrust suit against Xerox alleging, among other things, that Xerox engaged in exclusionary pricing beginning in 1969. The District Court issued an order denying SCM money damages but deferring for further hearing SCM's claim for prospective equitable relief. Citing the Supreme Court's *Wetzel* decision, the Second Circuit held that "[w]ith respect to the division of the remedy between money damages and equitable relief, ... that judgment is not final because it may be simply a 'partial adjudication of a single claim' and, hence, not appealable as a final judgment." *SCM*, 599 F.2d at 33.

In the present case, the trial court determined that the City of St. Louis should be enjoined from denying the demolition permits and assessed attorneys' fees against the city, but reserved the issue of damages under § 1983 for future consideration. This division of the remedy between respondents' equitable and legal claims is not an order which can be certified as appealable under Rule 74.01(b). Therefore, appellants' appeal from the court's order regarding § 1983 and its award of attorneys' fees is dismissed as non-appealable.

■ However, part of the court's order is appealable pursuant to Rule 74.01(b). In *Blackwell v. City of St. Louis*, 726 S.W.2d 760 (Mo.App., E.D.1987), we were faced with a petition seeking, inter alia, administrative review under Missouri's administrative procedure act as well as damages and equitable relief pursuant to U.S.C.A. § 1983. The circuit court reversed the decision of the civil service commission pursuant to RSMo § 536.100 but did not adjudicate the § 1983 claim. We held that the claim for administrative review was different from the § 1983 action and, therefore, appealable under the predecessor to Rule 74.01(b); Rule 81.06. *Blackwell*, 726 S.W.2d at 764. Rule 81.06 required that to be appealable, the claim had to be an "entirely separate and independent claim unrelated to any other claims stated or joined in the case ..." *Id.* at 763–64 (n. 2).

In our case, the circuit court determined that the Board of Building Appeals improperly denied the demolition permits at issue pursuant to the court's review under RSMo § 536.100. This was advanced by appellants in Count V of their petition. Count V, the administrative review of both the

demolition and building permit denials, was an appealable order under Rule 74.01(b). However, we need not address the court's reversal of the Board with regard to the demolition permits since appellants do not challenge this decision on appeal.

Appellants do, however, appeal from the circuit court's action in relation to the building permit applications because they assert that respondents failed to exhaust their administrative remedies. The circuit court enjoined the city from denying the building permit due to the wrongful denial of the demolition permit *and* due to HUDC's "uninvited" involvement in the review of the external standards for the proposed building.

█■ It is well settled that administrative procedures must be exhausted before other relief may be granted. *State ex rel. Keeven v. City of Hazelwood*, 585 S.W.2d 557, 560 (Mo.App., E.D.1979). The city codes provide that review of an HUDC recommendation in regards to external standards in the building permit process is made by HUDC itself in the form of a hearing. Ordinance 24.16.040. Respondents assert that such an appeal would be meaningless. However, the ordinances also require that HUDC, after such an appeal is filed, work with the building permit applicant to facilitate the building plans compliance with external standards. Thus, the ordinances contemplate HUDC's review of its own denial. Since it is clear that the respondents did not exhaust their administrative remedy, the circuit court's review of HUDC's action was erroneous.

Lastly, we note that the circuit court's order prohibiting the denial of the building permit based on the wrongful denial of the demolition permit was not a review of the administrative actions during the building permit process. This order appears to merely recognize that the building permit and demolition permit processes are necessarily intertwined and seeks to prevent the unlawful denial of one from affecting the merits of the other. We cannot find error in this limited grant of relief regarding the building permit application.

The decision of the circuit court which enjoined HUDC from participating in external review of the building permit application is hereby reversed. The court's order preventing the demolition permit denial from affecting the building permit process is affirmed. The remainder of this appeal is dismissed without prejudice.

CRIST and PUDLOWSKI, JJ., concur.