The **BOATMEN'S NATIONAL BANK OF ST. LOUIS**, Plaintiff/Respondent,

v.

**LA MAISON des BLANC, INC.,** et al., **Defendants/Appellants.**

No. 58600.

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1991.

Rehearing Denied July 23, 1991.

James V. O'Brien, Ronald A. Norwood, St. Louis, for defendants/appellants.

P. Michael Read, Belleville, for plaintiff/respondent.

GRIMM, Judge.

Defendants Edward and Rita White[1] and La Maison des Blanc, Inc., appeal from an order of the trial court granting summary judgment to plaintiff Boatmen's National Bank of St. Louis. The judgment, however, does not dispose of all the parties and all claims. Nor does the judgment contain an express determination under Rule 74.-01(b). As a result, the order is not appealable and the appeal is dismissed.

Boatmen's brought suit against the Whites, Donald and Jeanne Nangle, La Maison, and Meadowbrook Estates, Inc. The petition contains four counts.

In Count I, Boatmen's seeks recovery from La Maison based upon its default on promissory notes. It seeks to recover the outstanding principal balance of $233,-500.00, plus interest and attorney fees.

In Count II, Boatmen's seeks recovery against the Whites. Boatmen's alleges the Whites guaranteed payment of La Maison's notes.

In Count III, Boatmen's seeks recovery against the Nangles. Boatmen's alleges the Nangles also guaranteed payment of La Maison's notes.

In Count IV, Boatmen's seeks a declaratory judgment. It asks the court to declare Boatmen's to be the owner of 2,000 shares of stock in defendant Meadowbrook. The stock was pledged by Mr. White, "the sole shareholder of defendant Meadowbrook." In addition, Boatmen's prays it be declared to have "the right to hold title to and/or sell said stock, as well as all assets of Meadowbrook Estates, Inc., in satisfaction of the overdue Promissory Notes."

Boatmen's filed a motion for summary judgment. The motion sought judgment against all defendants on all four counts. Affidavits and counter affidavits were filed.

The trial court granted the motion against the Whites and La Maison on Counts I and II. As to Count III, the trial court denied the motion.

On Count IV, the trial court found Boatmen's was "entitled to summary judgment declaring it owner of the 2,000 shares of stock of Meadowbrook Estates, Inc., pledged by Edward White, but is not entitled to summary judgment authorizing it to sell any land of Meadowbrook Estates, Inc." The court then declared Boatmen's the owner of the stock, but denied Boatmen's request that it be entitled to sell Meadowbrook's assets.

Rule 74.01(b) provides that "[w]hen more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determina-

---

1. On November 15, 1990, defendant Edward White filed a bankruptcy petition, in his name only. Pursuant to 11 U.S.C. § 362, his appeal was stayed. However, on May 22, 1991, the bankruptcy court lifted the stay. Respondent moved to have the appeal binding on Mr. White. In view of our disposition, we need not decide the motion.

tion, any order ..., however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

 Here, the trial court granted summary judgment on Counts I and II against La Maison and the Whites, but denied summary judgment on Count III against the Nangles. Since multiple claims and multiple parties are involved, the trial court could enter *final* judgment against La Maison and the Whites, while denying summary judgment against the Nangles, "only upon an express determination that there is no just reason for delay." Rule 74.01(b); *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App.E.D.1989). No such express determination appears in the record. Thus, the order granting summary judgment to Boatmen's on Counts I and II "is subject to revision at any time before the entry of judgment adjudicating all ... the rights and liabilities" of Boatmen's against the Nangles. Rule 74.01(b).

 The summary judgment on Count IV raises a slightly different issue. On Count IV, the trial court granted summary judgment as to the ownership of the shares of Meadowbrook stock, but denied the summary judgment request for authority to sell Meadowbrook's assets. Thus, the trial court's order as to Count IV does not dispose of all claims in Count IV.

Rule 74.01(b) permits a trial court to enter "judgment as to one or more" claims. "One or more" sets the minimum unit of disposition. Rule 74.01(b) does not authorize a trial court to enter a *final* judgment on anything less than one claim for relief. *See* 6 Moore's Federal Practice § 54.34[1] (1990).[2] Put another way, Rule 74.01(b) does not permit a *final* judgment on a portion of a claim. "A decision that disposes of less than all of a claim is interlocutory and the Rule provides the court with

no authority to enter it as a judgment." *Id.*

Here, as to Counts I and II, the trial court had discretion as to whether to make its judgment final. It could have made its judgment final by "an express determination that there is no just reason for delay." Rule 74.01(b). By so doing, those two judgments would be properly before us.

However, as to Count IV, an "express determination" would not make that judgment final. Rule 74.01(b) does not provide for entry of *final* judgment on anything but whole claims for relief, "one or more." Because the trial court denied summary judgment on Boatmen's claim of right to sell Meadowbrook's assets, that claim is still pending. Thus, only a partial disposition was made of the Count IV claims. As a result, the Count IV judgment (1) did not dispose of one entire claim, (2) remains interlocutory, and (3) is not a final judgment for purposes of appeal.

For the reasons stated, the appeal is dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

**2.** "Rule 54(b) of Federal Rules of Civil Procedure is the source and virtual equivalent of Rule

74.01(b)." *Caldwell* at 466.