**TEAM, INC. and Leak Repairs, Inc., Plaintiff/Respondents,**

v.

**Kurt A. SCHLETTE, Gary Hann, William R. Matthews and Preventive Maintenance, Inc., Defendant/Appellants.**

No. 58689.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 20, 1991.

Richard A. Wunderlich, Kellee A. Koncki, Lewis, Rice & Fingersh, Clayton, for defendant-appellants.

Joseph L. Walsh, III, Gray & Ritter, St. Louis, for plaintiff-respondents.

CRANE, Judge.

Defendants, former employees of plaintiffs, appeal from the order of the trial court in favor of plaintiffs which upheld the parties' covenant not to compete, found that plaintiffs had been injured as a result of the breach of that covenant and were entitled to damages, but left the determination of the amount of those damages for later adjudication. The trial court designated its order final and appealable under Rule 74.01(b). The defendants appeal from the determination of liability. We find that the trial court did not have the authority to certify its order finding liability for breach of the covenant to be final and appealable because damages for the breach remained in issue. We accordingly dismiss the appeal.

This action was brought by plaintiffs Team, Inc. and its wholly owned subsidi-

ary, Leak Repairs, Inc. against defendants, former employees of Leak Repairs, for injunctive relief and damages arising out of a breach of a covenant not to compete between Leak Repairs and each defendant. The case was tried to the court. In its Second Amended Findings of Fact, Conclusions of Law and Judgment, the trial court recited that it was entering judgment "as to all claims for relief pleaded in the petition, except the plaintiffs' claims for damages for breach of contract." The court found the covenant not to compete was enforceable, that it was breached and that plaintiffs were injured and were entitled to seek damages for breach of contract. No injunctive relief was granted. The court found no just reason for delay and certified this order as final and appealable pursuant to Rule 74.01(b). Defendants appeal the determination of liability.

 Although neither party has questioned the authority of the trial court to certify its order as appealable, the finality of a judgment is a prerequisite to our jurisdiction. If we have any doubt about the trial court's authority to certify a judgment as final, we must address it *sua sponte. Quiktrip,. Corp. v. City of St. Louis*, 801 S.W.2d 706, 710 (Mo.App.1990). If a trial court has authority to certify a judgment, its ruling may only be challenged for abuse of discretion. *Speck v. Union Electric Co.*, 731 S.W.2d 16 (Mo. banc 1987). If it has no such authority, the appeal therefrom must be dismissed for lack of jurisdiction. *Quiktrip*, 801 S.W.2d at 710.

 The trial court certified its order as final under Rule 74.01(b) which provides in pertinent part: "Where more than one claim for relief is presented in an action . . . the court may enter a judgment as to one or more but fewer than all of the claims . . . only upon an express determination

that there is no just reason for delay." Under this rule the trial court may designate its order as final where the order disposes of an entire claim, but it may not do so with respect to a partial claim. The *Boatmen's National Bank of St. Louis v. La Maison des Blanc, Inc.*, 811 S.W.2d 814, at 816, slip op. (Mo.App.1991). An element of a single claim may not be separately appealed even if the trial court designates it as final and appealable. *Id.* at 816.[1]

 Where an order designated as final adjudicates less than an entire claim for relief, it is invalid and the appeal therefrom is dismissed. We have applied this rule where the trial court certified as final its order dismissing a count requesting punitive damages but did not adjudicate actual damages for the same tort. *Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565 (Mo.App. 1989). *See also Green v. City of St. Louis*, 801 S.W.2d 376 (Mo.App.1990), applying the same rule to an order dismissing a claim for punitive damages in an employment discrimination case. We have likewise dismissed an appeal from a certified order in a 1983 action granting equitable relief but leaving the question of liability for damages for later determination. *Quiktrip*, 801 S.W.2d at 710–11.

In *Quiktrip*, we relied on *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 743–44, 96 S.Ct. 1202, 1206–07, 47 L.Ed.2d 435 (1976). In that employment discrimination case, the United States Supreme Court, interpreting Federal Rule 54(b), which is identical to our Rule 74.01(b), held that the trial court's order finding liability was not properly certified as final where the question of equitable relief and damages remained open for adjudication. Federal courts follow *Wetzel* to hold that orders fixing liability in contract actions with-

---

1. The predecessor to Rule 74.01(b) was Rule 81.06 which contained the provision:

 When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purpose of appeal within the meaning of Section 512.020,

 RSMo, unless specifically so designated by the court in the judgment entered.
 This sentence was construed to aid in defining what constituted a "final judgment" within the meaning of § 512.020. *Speck v. Union Electric Co.*, 731 S.W.2d 16, 22 (Mo. banc 1987). However this sentence was not retained in Rule 74.01(b) and no longer defines what can constitute a final judgment.

**14**

out determining damages are not final. *See Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 594 (7th Cir.1990); *Teller Environmental Systems, Inc. v. United States*, 802 F.2d 1385, 1389–90 (Fed.Cir.1986).

■ In all of the Missouri and federal cases cited above, the courts have defined a claim as an assertion of one legal right, even though multiple forms of damages or other legal relief may be sought. In this case the claim for breach of the covenant not to compete is a single claim because it asserts one legal right. It is irrelevant that multiple remedies were sought for the alleged violation of that right. The order finding liability only partially adjudicates that claim, which will not be fully adjudicated until damages are determined. Accordingly, the order certifying the finding of liability as final under Rule 74.01(b) is improper.

The appeal is dismissed for lack of jurisdiction. Plaintiff's motion for damages for frivolous appeal is denied.

REINHARD, P.J., and STEPHAN, J., concur.