**Robert RECORD, Respondent**

v.

**The CONTINENTAL INSURANCE CO., Appellant.**

**No. 19610.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 8, 1995.

Harold F. Glass, Schroff, Glass & Newberry, P.C., Springfield, for appellant.

Craig A. Smith and M. Douglas Harpool, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for respondent.

PER CURIAM.

The Continental Insurance Co. (Continental) appeals an order granting partial summary judgment. The partial summary judgment held Continental liable, under the terms of an insurance policy issued to Record Construction Co., for injuries Robert Record (Robert) sustained in a motor vehicle accident. Although the trial court granted Robert's motion for summary judgment as to liability, the question of damages was not resolved.

The trial court certified its order final and appealable; it found there was no just reason for delay. *See* Rule 74.01(b). Continental appeals. The appeal must be dismissed because the partial summary judgment is not a judgment on a claim within the meaning of Rule 74.01(b) in that it does not resolve the issue of damages.

Robert was riding a motorcycle August 9, 1992, when he was struck by an automobile operated by Todd Kyle Dennis. The motorcycle belonged to Robert's mother, Barbara

Record. The collision was caused by Dennis' negligence.

Dennis had automobile liability insurance coverage of $25,000. His insurer paid the $25,000 policy limit to Robert.

Robert brought this action contending the damages he incurred exceeded $25,000; that the additional damages were covered by the terms of the insurance policy Continental issued to Record Construction Co.

■ Neither party questions the authority of the trial court to certify its order granting the partial summary judgment final and appealable under Rule 74.01(b). This court, however, if it has doubt about the trial court's authority to certify a judgment as final, must address the question *sua sponte*. *Team, Inc. v. Schlette*, 814 S.W.2d 12, 13 (Mo.App.1991). If the trial court had no authority to certify the judgment, this court must dismiss the appeal for lack of jurisdiction. *Id.*

Rule 74.01(b) permits a trial court to designate as final a judgment "as to one or more claims but fewer than all claims." Thus, the minimum unit of disposition is at least one claim. *Lockett v. Owens–Corning Fiberglas*, 808 S.W.2d 902, 906 (Mo.App.1991). A judgment which resolves fewer than all legal issues as to any single "claim for relief" is not final notwithstanding the trial judge's designation as such. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994).

■ The claim that is the subject of this appeal has two issues that must be resolved, liability and damages. The trial court resolved the issue of liability but did not resolve the issue of damages. The partial summary judgment is, therefore, not a judgment on at least one claim as required by Rule 74.01(b). *Gunnels v. Valley Forge Ins. Co.*, 854 S.W.2d 65, 66 (Mo.App.1993); *Lockett v. Owens–Corning Fiberglas*, 808 S.W.2d at 906; *Team, Inc. v. Schlette*, 814 S.W.2d at 14. The appeal is dismissed.