**Roy BIRDSONG and Collyer Kelling, Appellants**

v.

**Bobbi BYDALEK, Respondent/Appellant**

and

**HCH Ozark Investors, Inc., Daniel C. Ruda, Santo M. Cantanese, Vacation World, Inc., Dwight Sprague, and Branson Commercial Property Investors Joint Venture, Respondents.**

**Nos. 19700, 19744.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 8, 1995.

Richard E. Dorr, Mike Bridges, Dorr, Baird & Lightner, P.C., Springfield, for appellants Birdsong and Kelling.

William A.R. Dalton, Craig A. Smith, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for respondent/appellant Bydalek.

Charles B. Cowherd, Bryan O. Wade, Farrington & Curtis, Springfield, for all other respondents.

PER CURIAM.

Roy Birdsong and Collyer Kelling, as plaintiffs-appellants, and Bobbi Bydalek, as cross-appellant, appeal a judgment rendered on an eight-count "Plaintiffs' Second Amended Petition"; a three-count "Second Amended Crossclaim and Counterclaim of Defendants HCH Ozark Investors, Inc., Vacation World, Inc., Dwight Sprague and Branson Commercial Property Investors Joint Venture"; a one-count "Cross–Claim" of cross-appellant; and a one-count "Counterclaim of Defendant Bobbi Bydalek." The appeals are dismissed because the judgment did not dispose of all claims.

■ Finality of a judgment is a prerequisite to appellate jurisdiction. *Quiktrip Corp. v. City of St. Louis*, 801 S.W.2d 706, 710 (Mo.App.1990). Where the record on appeal presents a question about a judgment's finality, the appellate court is obliged to, *sua sponte*, resolve the issue. *Id.*

■ "A final and appealable judgment disposes of all issues in the case and leaves nothing for future determination, unless the trial court has specifically designated the order as a final judgment for purposes of appeal." *Bay's Texaco Service & Supply Co., Inc. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App. 1990). A trial court designates an order that disposes of one or more but fewer than all claims as a final judgment for purposes of appeal by expressly finding there is no just reason for delay in entering judgment as to that claim or claims. Rule 74.01(b). No such determination was made in this case. "In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties,.…" *Id.*

■ Notwithstanding the multiplicity of claims presented by the pleadings, the trial court's judgment was not drafted so as to correlate relief granted with a particular claim or claims. This court has seined the content of the 36–page judgment which includes in excess of 31 pages of findings of fact and conclusions of law and determines that the judgment does not dispose of all claims presented.

The Second Amended Crossclaim and Counterclaim of Defendants HCH Ozark Investors, Inc., Vacation World, Inc., Dwight

Sprague and Branson Commercial Property Investors Joint Venture includes three counts. The claim presented by Count II in the pleading appears to be an action for tortious interference with a business relationship and business expectancy. It is a counterclaim against plaintiffs-appellants. It seeks both actual and punitive damages.[1]

■ An action seeking both actual and punitive damages is a single claim. *Davis v. Dolgencorp, Inc.,* 774 S.W.2d 565, 567 (Mo. App.1989). In order to dispose of the claim both the request for actual and punitive damages must be addressed. *Green v. City of St. Louis,* 801 S.W.2d 376, 378 (Mo.App.1990). The judgment awards actual damages but does not address the request for punitive damages. The claim in Count III was not resolved; the judgment is not final. *Record v. Continental Ins. Co.,* 901 S.W.2d 284, 285 (Mo.App.1995).

It would also be appropriate for the trial court to consider whether Count III of the Second Amended Crossclaim and Counterclaim of Defendants HCH Ozark Investors, Inc., Vacation World, Inc., Dwight Sprague and Branson Commercial Property Investors Joint Venture seeks alternative relief to that sought by Count II. Count III pleads the same facts as Count II with the additional allegation that conduct of plaintiffs-appellants constituted slander of title. However, the slander of title claim is not referenced in the judgment. If it is an alternate claim for relief, the trial court should so find. If it is not, Count III remains unresolved.

The appeals are dismissed.

---

1. Count II of the pleading asks for "exemplary damages" and Count III for "punitive damages." Those terms are frequently used interchangeably. E.g., *see Olinger v. General Heating & Cooling Co.,* 896 S.W.2d 43, 49 (Mo.App.1994); and Rule 71.06.