Roy **BIRDSONG** and Collyer Kelling, Plaintiffs/Appellants/Cross–Respondents,

v.

Bobbi **BYDALEK,** HCH Ozark Investors, Inc., Daniel C. Ruda, Santo M. Catanese, Vacation World, Inc., Dwight Sprague And Branson Commercial Property Investors Joint Venture, Defendants/Respondents/Cross–Appellants.

Nos. 20596, 20619, 20700.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 22, 1996.

Richard E. Dorr, J. Michael Bridges, Dorr, Baird and Lightner, P.C., Springfield, for Plaintiffs/Appellants/Cross–Respondents.

Craig A. Smith, Daniel, Clampett, Powell & Cunningham, Springfield, for Defendant/Respondent/Cross–Appellant Bydalek.

Charles B. Cowherd, Bryan O. Wade, Farrington & Curtis, Springfield, for Defendants/Respondents/Cross–Appellants HCH Ozark Investors, Inc., Ruda, Catanese, Vacation World, Inc., Sprague and Branson Commercial Property Investors Joint Venture.

PER CURIAM.

In *Birdsong v. Bydalek,* 905 S.W.2d 896 (Mo.App. S.D.1995), henceforth referred to as *"Birdsong I,"* two appeals were brought to this court in this case. One was by Roy Birdsong and Collyer Kelling (plaintiffs in the trial court); the other was by Bobbi Bydalek (one of the seven defendants). This court dismissed the appeals because the judgment did not dispose of all claims.

The pleadings on which this case was tried are identified and described in *Birdsong I. Id.* at 897–98. That opinion should be read as a preface to the present opinion.

Subsequent to *Birdsong I,* the trial court, on November 9, 1995, signed and filed an "Amended Judgment Entry." In one part of that document, the trial court granted a motion by HCH Ozark Investors, Inc., Vacation World, Inc., Dwight Sprague and Branson Commercial Property Investors Joint Venture to dismiss Count III of their second amended cross-claim and counterclaim, thereby curing one of the ills that compelled dismissal of the appeals in *Birdsong I. Id.* at 897–98. However, the Amended Judgment Entry, while arguably adjudicating Count I of the pleading referred to in the preceding sentence, fails to either grant or deny relief on Count II.

Furthermore, the counterclaim of Bydalek sought actual damages, exemplary damages and attorney fees from Birdsong and Kelling. The Amended Judgment Entry awards Bydalek actual damages on her counterclaim, but neither grants nor denies exemplary damages or attorney fees.

Finally, the cross-claim of Bydalek sought sundry relief including, *inter alia,* compensatory damages and attorney fees against the other defendants. The Amended Judgment Entry neither grants nor denies compensatory damages or attorney fees on Bydalek's cross-claim.

This court now has three appeals before it from the Amended Judgment Entry. One is by Birdsong and Kelling; the second is by Bydalek; the third is by the other six defendants.

Because the Amended Judgment Entry fails to adjudicate the claims identified earlier in this opinion, this court must again dismiss the appeals. The law compelling that result is set forth fully in *Birdsong I.*

Appeals dismissed.