SYNERGY GAS, INC., Appellant,

v.

C.A.M. ENTERPRISES, INC., d/b/a 71 Truck Stop, Tim Heifner and Charles Rogers, d/b/a Satellites Unlimited, and Satellites Unlimited, Inc., Respondents.

No. 21136.

Missouri Court of Appeals, Southern District, Division Two.

June 6, 1997.

Thomas R. Larson, Larson & Larson, P.C., Kansas City, for appellant.

John Mollenkamp, Blanchard, Robertson, Mitchell & Carter, P.C., Joplin, for Respondent C.A.M. Enterprises, Inc.

Robert W. Evenson, Evenson, Carlin & LePage, Pineville, for Respondents Heifner, Rogers and Satellites Unlimited, Inc.

CROW, Presiding Judge.

This is an appeal by Synergy Gas, Inc. ("Synergy") from the following entry on the trial court's docket sheet:

"6 21 96 Motion to dismiss filed by each defendant is sustained. Clerk to notify parties.

06   21 96 Order granting leave to amend by filing second amended petition for damages filed."

Upon examining the record on appeal, we learned that during a hearing in the trial court on March 6, 1996 (some fifteen weeks preceding the above-quoted entry), the parties appeared by counsel. At the hearing, the trial court "sustained" a motion by Synergy for leave to file a first amended petition. The trial court signed an order to that effect and marked the first amended petition "Filed with Court 3–6–96." The trial court then heard argument on motions by the defendants (Respondents in this appeal) attacking Synergy's first amended petition.

When argument ended, the trial court and counsel engaged in a discussion regarding whether Synergy should be allowed to file a second amended petition if the trial court dismissed the first amended petition. Synergy's lawyer announced he was "moving for leave to file a second amended petition" and would file a written motion and the amended petition "within seven days."

On March 14, 1996 (eight days after the hearing), Synergy filed a motion for leave to file a second amended petition. The motion recited that the proposed second amended petition was attached thereto.

The next activity of record was the docket entry quoted at the outset of this opinion. The order mentioned in the final sentence of the entry granted Synergy leave to file its second amended petition and directed the clerk to "show the Second Amended Petition filed on this date." Additionally, the order granted the defendants twenty days to answer the second amended petition. The second amended petition is in the legal file, but is not stamped "Filed" by the clerk.

The next activity of record occurred July 29, 1996, when Synergy filed its notice of appeal.

The brief of one of the Respondents, C.A.M. Enterprises, Inc. ("C.A.M."), raised the issue of appealability by pointing out that if the trial court's order sustaining the motions to dismiss pertained to Synergy's first amended petition instead of its second amended petition, the order is unappealable in that Synergy was permitted to file the second amended petition to replace the dismissed first amended petition, hence the case remained pending in the trial court on the second amended petition following the rulings of June 21, 1996.

■ As a general rule, for purpose of appeal a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case. *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693, 695[2] (1952); *Wilson v. Mercantile Bank of Springfield*, 791 S.W.2d 497, 500[5] (Mo.App. S.D.1990).[1] Finality of a judgment is a prerequisite to appellate jurisdiction. *Birdsong v. Bydalek*, 905 S.W.2d 896, 897[1] (Mo.App. S.D.1995). In the absence of a final, appealable judgment, the appeal must be dismissed. *In re Marriage of McMillin*, 908 S.W.2d 860, 862[4] (Mo.App. S.D.1995).

Upon considering (a) the facts recounted earlier in this opinion, (b) the brief of C.A.M., and (c) the cases cited in the preceding paragraph, we reached the tentative conclusion that the trial court, on June 21, 1996, intended to dismiss Synergy's first amended petition and to grant Synergy leave to file its

1. There is an exception in Rule 74.01(b), Missouri Rules of Civil Procedure (1997). However, the record demonstrates that the exception does not apply in this appeal. Henceforth in this opinion, references to Rules are to the 1997 version.

second amended petition. We drew that inference from the provision in the trial court's order granting the defendants twenty days to answer the second amended petition. It appeared to us that had the trial court intended to dismiss the second amended petition on June 21, 1996, there would have been no reason to allow time for the defendants to answer. Furthermore, we noted that the entry of June 21, 1996, was not denominated a judgment. *See:* Rule 74.01(a).

We therefore entered an order on May 15, 1997, granting Synergy an opportunity to address, in writing, the issue of appealability.

In response, Synergy agreed with our tentative conclusion that the entry of June 21, 1996, was unappealable. Synergy stated, *inter alia:*

> "Synergy agrees that this case is not yet ripe for appeal because the Second Amended Petition is still pending in the Trial Court. Synergy prosecuted this appeal, however, because it was uncertain of whether this analysis was correct. ...[T]he only safe course for [Synergy] to follow was to file its Notice of Appeal.... [I]f [Synergy] did not file an appeal and it was ultimately determined that the Trial Court intended to dismiss the entire cause of action with prejudice, then the penalty for being wrong about this issue is the complete loss of a ... lawsuit and consequent malpractice on the part of [Synergy's] attorneys. Thus ... pursuit of this appeal, even given its likely dismissal by this Court, was the only safe option available to [Synergy].... [Synergy] submits that the correct approach for this Court to take at this time is to dismiss this appeal as premature and remand the cause back down to the Trial Court for further proceedings on the Second Amended Petition."

In *Pender v. Pender*, 634 S.W.2d 244, 246[2] (Mo.App. W.D.1982), the court held that an order to dismiss qualified by a grant of time to file an amended petition signifies an intention to dismiss the petition only, not the action. That holding, together with Synergy's response to our order of May 15, 1997, convinces us that we were correct in our tentative conclusion that the trial court's rulings of June 21, 1996, (a) dismissed Synergy's first amended petition, (b) granted Synergy leave to file its second amended petition, (c) directed the clerk to show the second amended petition filed that date, and (d) granted the defendants twenty days to answer the second amended petition. Obviously, the rulings of June 21, 1996, do not constitute an appealable judgment inasmuch as this case remains pending in the trial court on Synergy's second amended petition as a result of those rulings.

Appeal dismissed.

SHRUM, J., and MONTGOMERY, C.J., concur.